**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 06 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATHLEEN CRAPANZANO,

                Plaintiff,

-against-

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC. a.k.a.
ALLIANCEONE INCORPORATED
and DOES 1 through 10 inclusive,

                Defendants.
------------------------------------------------------------X

**COMPLAINT**

CV 11 5942
JOHNSON, J.
POHORELSKY, M.

**SUMMONS ISSUED**

    Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. a.k.a. ALLIANCEONE INCORPORATED alleges as follows:

### INTRODUCTION

1.     This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2.     Plaintiff is a citizen of the State of New York residing in this district.
3.     Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692 a(6) with its principal place of business in Trevose, Pennsylvania.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by the Plaintiff to Capital One.
7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred to and/or assigned to the Defendant for collection.
8. That the Defendant sent the Plaintiff a dunning notice in an attempt to collect the aforementioned debt.
9. That the Plaintiff sent the Defendant a certified letter in which the Plaintiff requested validation of the debt in accordance with her consumer rights.
10. That the Defendant received and signed for the Plaintiff's certified letter.
11. That notwithstanding the Plaintiff's written request for validation, Defendant failed to provide the Plaintiff with validation as required by the FDCPA.
12. That notwithstanding Plaintiff's lawful dispute and request for validation of the debt, Defendant persisted with collection efforts, failing to validate the debt.
13. That despite Plaintiff's written request to cease from telephonic communications, Defendant persisted with several dunning telephone calls to Plaintiff's home and/or cellular phone.
14. That the Defendant made numerous, unauthorized telephone calls to the Plaintiff from the phone number **"1.866.724.2217"** (a number belonging to the Defendant) in an attempt to collect the aforementioned debt.

15. That Defendant's actions caused Plaintiff stress and aggravation.

16. That upon receipt of the Plaintiff's dispute letter, the Defendant continued its efforts to collect the debt and failed to provide the Plaintiff with written validation in violation of 15 U.S.C. 1692g, subsection (b).

17. That in addition, Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d) and (e) in that the representations made by the Defendant are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiff of her legal rights as required by law.

18. That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

19. That the Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. §1692d by placing harassing phone calls to the Plaintiff;

    (b) Defendant violated 15 U.S.C. § 1692e by using deceptive means in an attempt to collect a debt; and

    (c) Defendant violated 15 U.S.C. 1692g for failing to provide the Plaintiff with written validation and continuing its collection efforts notwithstanding Plaintiff's written request for validation.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

//
//
//
//

**WHEREFORE,** the Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: December 1, 2011

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
166 Mercer Street, Suite 3A
New York, New York 10012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable

Amir J. Goldstein (AG-2888)